IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROSIE M. JEFFERSON, ET AL., § | |
| PLAINTIFFS, § | |
| § | |
| V. § | CIVIL CASE NO. 3:23-CV-1817-X-BK |
| § | |
| BAYLOR SCOTT AND WHITE HOSPITAL, § | |
| ET AL., § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I. BACKGROUND**

On August 14, 2023, Rosie M. Jefferson, Tonia Whipper, Demetra Jefferson Wysinger, Dakinya Jefferson filed a complaint on behalf of the Estate of Vetrano Jefferson (Vetrano) and other beneficiaries and family members of the deceased. Doc. 4 at 1-2. They name as Defendants Baylor Scott and White Hospital, Dr. Manog Donthinene, Dr. James Sutton, the Mesquite Specialty Hospital, unidentified doctors and nurses at both facilities, Dr. Anthony Fauci, the unknown department he worked for, the manufacturers of Remdesivir (Gilden or other unknown manufacturer), the Centers for Disease Control, and other unknown parties (collectively referred to as the "Defendants").

Plaintiffs allege wrongful death and survival claims on behalf of Vetrano, who allegedly lost his life as a result of the negligence and medical malpractice of doctors and nurses following his hospitalization for cough and shortness of breath. Doc. 4 at 3. Plaintiffs assert that Vatrano was administered Remdesivir, an antiviral medication, without his knowledge or consent or that of his designated medical power of attorney. Doc. 4 at 3. They further allege that when his health began to deteriorate, Vetrano was not properly informed or treated. Doc. 4 at 3. They contend he was then transferred to Mesquite Specialty Hospital where he experienced further neglect and inadequate care. Doc. 4 at 3.

Plaintiffs also complain of negligent hiring, training and supervision of the medical staff, patient rights violations, and the violations of Vetrano's rights to informed consent. Doc. 4 at 10-12, 14-16. They also complain of product liability stemming from the administration of Remdesivr and the use of respiratory equipment and other medical devices. Doc. 4 at 13-14. Plaintiffs assert that Vetrano was "forcibly placed on a ventilator against his will and without obtaining informed consent or his authorized medical power of attorney . . . ." Doc. 4 at 14. According to Plaintiffs, "[t]his forced respiration was unnecessary and not in accordance with proper medical standards, further exacerbating Vetrano Jefferson's condition and contributing to his wrongful death." Doc. 4 at 14; see also Doc. 4 at 14-15.

Lastly, Plaintiffs allege violation of Vetrano's Fourth and Fourteenth Amendments rights under 42 U.S.C. § 1983, "including the right to be free from unreasonable seizures and the right to substantive due process." Doc. 4 at 16. They assert that Defendants (1) administered Remdesivir without his consent or that of his medical power of attorney "violating his right to bodily integrity and due process" and (2) failed to properly hire, train and supervise medical staff "violating his right to receive reasonable medical care." Doc. 4 at 16. Plaintiffs seek

$25,000,000 for Vetrano's wrongful death and compensatory damages for his pain, suffering and mental anguish.  Doc. 4 at 19.  Plaintiffs also seek compensatory damages for loss of companionship, support, and mental anguish and punitive damages as a deterrent against similar conduct in the future.  Doc. 4 at 19.

Upon review, the Court concludes that subject matter jurisdiction is lacking.  Thus, this action should be dismissed sua sponte.[1]

## II. ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.  "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'"  *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

---

[1] Because jurisdiction is lacking, the Court does not address the deficiencies in Plaintiffs' pleadings and require compliance with the Court's filing requirements.  For example, only four Plaintiffs signed the complaint and did so with conformed signatures rather than handwritten ones.  Doc. 4 at 20.  Moreover, only Rosie Jefferson has moved to proceed *in forma pauperis*.  Doc. 5.

The Court liberally construes Plaintiffs' complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Plaintiffs have not alleged facts that establish diversity or federal question jurisdiction.

Plaintiffs plead diversity jurisdiction in both the complaint and the civil cover sheet. Doc. 4 at 2, 21. They contend "there is diversity of citizenship between Plaintiffs Rosie Jefferson, who is domiciled in Arkansas, and Tonia Whipper, who is domiciled in Texas, and certain Defendants, including Baylor Scott and White Hospital, Mesquite Specialty Hospital, and the manufacturers of Remdesiver, who are domiciled in various states, including Texas. Doc. 4 at 2. Plaintiffs are mistaken.

Their assertion that Plaintiff Whipper and Baylor Scott and White Hospital (a not-for-profit based in Dallas) share the same state of citizenship defeats subject-matter jurisdiction on the basis of diversity. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (finding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted); 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"); *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014). As a result, there is no diversity jurisdiction.

Plaintiffs also cannot sue on the basis of federal question jurisdiction. "A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that

federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). The complaint in this case contains no factual allegations that support federal question jurisdiction. As noted, the complaint raises primarily state tort claims. While Plaintiffs mention the Fourth and Fourteenth Amendments, they cannot satisfy the requirement of 42 U.S.C. § 1983 that Defendants, private hospitals and their employees, must have acted under color of state law. *See Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) ("'[M]ere private conduct, no matter how discriminatory or wrongful' is excluded from § 1983's reach." (quoted case omitted)).[2]

Further, Plaintiffs' bare assertions against Dr. Fauci, a federal official acting under color of federal law, are not subject to suit under § 1983. *See Broadway v. Block*, 694 F.2d 979, 981 (5th Cir. 1982) (holding federal officials are not liable under § 1983). Monetary damages against Dr. Fauci in his official capacity are also barred by sovereign immunity because his official's actions are considered to be the actions of the federal agency by whom he was employed. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (citations omitted)). Under the doctrine of sovereign immunity, the United States Government cannot be sued unless it gives its consent. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to

---

[2] To pursue a §1983 claim, the plaintiffs must allege (1) that they were deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

entertain the suit." (internal quotations and citations omitted)).  And federal agencies, such as the National Institute of Allergy and Infectious Diseases (Dr. Fauci's former employer) and the CDC, cannot be sued for monetary damages under *Bivens*.  See *F.D.I.C. v. Meyer*, 510 F.3d 471, 484-86 (1994).[3]

Additionally, the mere mention of a federal law or bare assertion of a federal claim, as here, cannot by itself obtain federal question jurisdiction.  Indeed, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . ."  *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974) (internal citation and quotation marks omitted); *see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

Because the complaint does not present an adequate basis for federal question jurisdiction, and Plaintiffs cannot rely on diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any possible state-law claims that Plaintiffs may be attempting to assert.  28 U.S.C. § 1367(a).  Therefore, this action should be dismissed for lack of subject matter jurisdiction.

### III.  LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case."  *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  The facts as alleged in Plaintiffs' complaint demonstrate a

---

[3] Additionally, any Fourteenth Amendment claim against federal officials and agencies fails.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) ("Because the [Fourteenth] Amendment is directed at the states, it can be violated only by conduct fairly characterized as a "state action").

lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

## IV. CONCLUSION

For all these reasons, Plaintiffs' action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on September 29, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).